LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ENRIQUE BERMEO, and JOHN DOE, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiffs, | |
| | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| MASON RESTAURANT CORP. d/b/a EAST SIDE DINER, NICK KALOUDIS and SPIRO MOUZAKITIS, | |
| Defendants. | |

---

Plaintiffs, ENRIQUE BERMEO and JOHN DOE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, MASON RESTAURANT CORP. d/b/a EAST SIDE DINER (the "Corporate Defendant"), NICK KALOUDIS and SPIRO MOUZAKITIS (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) compensation for tips disgorgement, (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) compensation for tips disgorgement, (4) compensation for unpaid spread-of-hours premiums, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      (a) Plaintiff ENRIQUE BERMEO, for all relevant time periods, was a resident of Bronx County, New York.

6.      Corporate Defendant:

MASON RESTAURANT CORP. d/b/a EAST SIDE DINER is a limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 352 E 23rd St, New York, New York 10010.

7.      Individual Defendants:

(a) NICK KALOUDIS is a principal of the Corporate Defendant. NICK KALOUDIS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to NICK KALOUDIS directly regarding any of the terms of their employment, and NICK KALOUDIS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  NICK KALOUDIS regularly visits the East Side Diner restaurant and he directly reprimands any employee who does not perform his duties correctly. Plaintiff ENRIQUE BERMEO's employment was directly terminated by Defendant NICK KALOUDIS.

NICK KALOUDIS additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. NICK KALOUDIS exercises functional control over the business and financial operations of the Corporate Defendant.  He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the East Side Diner restaurant operates efficiently and profitably.

(b) SPIRO MOUZAKITIS is a principal of the Corporate Defendant. SPIRO MOUZAKITIS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to

managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to SPIRO MOUZAKITIS directly regarding any of the terms of their employment, and SPIRO MOUZAKITIS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SPIRO MOUZAKITIS regularly visits the East Side Diner Restaurant and he directly reprimands any employee who does not perform his duties correctly. Plaintiff ENRIQUE BERMEO was directly hired by Defendant SPIRO MOUZAKITIS.

SPIRO MOUZAKITIS additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. SPIRO MOUZAKITIS exercises functional control over the business and financial operations of the Corporate Defendant. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the East Side Diner restaurant operates efficiently and profitably.

8.    At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  With respect to all FLSA Collective Plaintiffs and Class members who were tipped employees comprised of delivery workers ("Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. Defendant NICK KALOUDIS further disgorged tips regularly as he saw fit.

12.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery workers ("Tipped Subclass") who also number more than forty (40). Plaintiff ENRIQUE BERMEO is a member of the Class and Tipped Subclass.

16.    Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against the corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)    Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e)    Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f)  Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g)  Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

h)  Whether Defendants required members of the Tipped Subclass to perform non-tipped work for more than 20% of their work day;

i)  Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

j)  Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

k)  Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

l)  Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

m) Whether Defendants improperly withheld tips from Tipped Subclass members through an invalid tip-pooling scheme; and

n)  Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## **STATEMENT OF FACTS**

21.   Plaintiff, ENRIQUE BERMEO:

(a) In or about November 2016, Plaintiff, ENRIQUE BERMEO, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' "East Side Diner" restaurant located at 352 E 23rd St, New York, New York 10010.

(b) ENRIQUE BERMEO worked for Defendants until or about June 2017.

(c) During the employment of Plaintiff, ENRIQUE BERMEO, by Defendants, he worked over forty (40) hours per week. During ENRIQUE BERMEO's employment by Defendants, he worked ten (10) hours per day.

(d) Specifically, ENRIQUE BERMEO worked seven (7) days per week for approximately ten (10) hours per day without a lunch break. ENRIQUE BERMEO received his compensation in cash on a fixed salary basis, at a rate of $75 per day. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated ENRIQUE BERMEO's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because ENRIQUE BERMEO is a non-exempt employee who must be paid on an hourly basis.

22. At all relevant times, Defendants paid FLSA Collective Plaintiffs and Class members at hourly rates below the standard minimum wage.

23. Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

24. Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

25.    Plaintiffs and Tipped Subclass members had tips disgorged from them by Defendant NICK KALOUDIS.

26.    Plaintiffs and Tipped Subclass did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

27.    Plaintiffs and Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities such as washing dishes, helping cooks, accepting and unloading trucks, cleaning the kitchen and bathrooms, preparing food and cutting vegetables.  Such activities were unrelated to their primary duties as a delivery person.

28.    Defendants unlawfully failed to pay Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass the Federal and State minimum wage for all hours worked.

29.    Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half)  for hours they worked over 40 in a workweek.

30.    Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass, and also failed to keep the proper employment records required under the FLSA and NYLL.

31.    Defendants paid Plaintiffs, ENRIQUE BERMEO and the Tipped Subclass, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages.  Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements

informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL, (iv) failed to track the amount of tips received daily in violation of NYLL, and (v) instituted an invalid tip-pooling scheme in violation of FLSA and NYLL.

32.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or wage statements as required by NYLL. In fact, Defendants paid Class members, including Plaintiffs, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period.

33.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

34.    Plaintiffs reallege and reaver Paragraphs 1 through 33 of this class and collective action Complaint as if fully set forth herein.

35.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

37.     At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

38.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

39.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

40.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which management retained a portion of the tips.

41.     Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

43.     As a direct and proximate result of Defendants' willful disregard of the FLSA,

Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

45.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

46.    Plaintiffs reallege and reaver Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

50.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours   worked.   As   factually   described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the

Tipped Subclass.

51.    Defendants willfully violated Plaintiffs' and the Tip Subclass members' rights by instituting an disgorging tips. In doing so, Defendants willfully deprived Plaintiffs and FLSA Collective Plaintiffs of their lawfully earned wages.

52.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

53.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

54.    Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

55.    Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, damages representing disgorgement of illegally retained tips, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.      An award of unpaid spread of hours premium due under the New York Labor Law;

f.      An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

i.      An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.      An award representing compensation for tips disgorged by Defendants;

k.      Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.      Designation of this action as a class action pursuant to F.R.C.P. 23;

m.      Designation of Plaintiffs as Representatives of Class; and

n.      Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: August 29, 2017

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181

        *Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
        *and the Class*

By:   */s/ C.K. Lee*
     C.K. Lee (CL 4086)