# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement and General Release Agreement (the "Agreement") is entered into between Enrique Bermeo (herein after referred to as "Plaintiff") and Mason Restaurant Corp. d/b/a East Side Diner (hereinafter referred to as "Company"), Nick Kaloudis (hereinafter referred to as "Kaloudis") and Spiro Mouzakitis (hereinafter referred to as "Mouzakitis"), (hereinafter collectively referred to as "Defendants"). The Company, together with their past, present and future parent organizations, subsidiaries, affiliated entities, related companies and divisions and each of their respective past, present and future officers, directors, employees, shareholders, trustees, members, partners, proprietors, employee benefit plans (and such plans' fiduciaries, agents, administrators and insurers), attorneys, insurers, and agents (individually and in their official capacities), the Defendants, as well as any predecessors, future successors or assigns or estates of any of the foregoing are collectively referred to as the "Released Parties."

WHEREAS, Plaintiff filed a Complaint against the Defendants in the matter captioned *Enrique Bermeo, and John Doe, on behalf of themselves, FLSA Collective Plaintiffs and the Class v. Mason Restaurant Corp. d/b/a East Side Diner, Nick Kaloudis and Spiro Mouzakitis*, Civil Action No. 17-cv-6579, currently pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS, Plaintiff's alleged in the Complaint, *inter alia,* that the Defendants failed to pay Plaintiffs the minimum wages, overtime pay, and spread of hours pay required under federal and New York wage and hour laws, among other allegations.

WHEREAS, the Defendants deny any wrongdoing and deny all allegations in the Litigation, and the Defendants also asserted various affirmative defenses to the allegations in the Litigation; and

WHEREAS, the Defendants and the Plaintiff hereto have agreed to finally and fully settle all claims that were or could have been asserted against each other in the Litigation or



otherwise upon the terms and conditions set forth herein; and

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. <u>Plaintiff's Release of the Released Parties</u>.  Plaintiff agrees that this Agreement resolves and settles any and all claims of any kind that Plaintiff may have against or with respect to Defendants that relate to or arise out of matters alleged in the Action. Plaintiff waives his individual right to file any charge or complaint against Defendants. Plaintiff knowingly and voluntarily releases and forever discharges the Defendants Released Parties of and from any and all claims that relate to or arise out of matters alleged in the Action, including all claims under the New York Labor Law and Fair Labor Standards Act.

2. <u>Representations; Covenant Not to Sue by Plaintiffs.</u> Plaintiff hereby represents and warrants that with the exception of the Litigation, (A) Plaintiff has not filed, caused or permitted to be filed any pending proceeding against any of the Released Parties, nor has Plaintiff agreed to do any of the foregoing, (B) Plaintiff has not assigned, transferred, sold, encumbered, pledged, hypothecated, mortgaged, distributed, or otherwise disposed of or conveyed to any third party any right or Claim against any of the Released Parties that has been released in this Agreement, and (C) Plaintiff has not directly or indirectly assisted any third party in filing, causing or assisting to be filed, any Claim against any of the Released Parties.  Plaintiff further represents and warrants that, once paid all the consideration set forth in this Agreement, he has been fully paid any and all wages due (including, but not limited to, any overtime pay, spread of hours pay, liquidated damages, interest, penalties, costs, and attorney's fees) for hours Plaintiff worked for any of the Defendants.  Except as set forth in Section 9 below, Plaintiff covenants and agrees that Plaintiff shall not encourage or solicit or voluntarily assist or participate in any way in the filing, reporting or prosecution by them or any third party of a proceeding or Claim against any of the Released Parties, including, but not limited to any potential class action claims that may be filed on behalf of any purported class to which Plaintiff is a member as a result of Plaintiff's employment with any of the Defendants.

3. <u>Payments.</u>   As good consideration for Plaintiff's execution, delivery, and non-revocation of this Agreement and their related dismissal, with prejudice, of the Litigation, the



Defendants agree to provide Plaintiff with a payment in the aggregate amount of $15,000.00, payable according to the following schedule:

    (A) $5,000.00 to be paid on the 8th day following defense counsel's receipt of Plaintiff's execution;

    (B) Ten monthly installments of $1,000.00 beginning thirty (30) days after the first payment, and continuing every thirty (30) days until the amount has been paid off.

Defendants reserve the right to accelerate the above payments and/or make full payment earlier than required.

All payments shall be delivered on or before each of the dates due to Plaintiff's counsel, CK Lee, Esq., Lee Litigation Group, PLLC, 30 E. 39th Street, Second Floor, New York, New York 10016.

Should Defendants fail to make any payment according to the relevant schedule set forth in this Section 3, Plaintiff must notify Defendants in writing of Defendants' default (such notice to be provided in accordance with Section 9 herein) and upon receipt of such written notices, Defendants shall have five (5) business days to cure the default.

Plaintiff acknowledges and agrees that the payments in this Section 3 are in Full and Final settlement and satisfaction of the wage claims asserted or that could have been asserted in the Litigation and the Defendants' obligations under any compensation, deferred compensation or similar agreements or arrangements and all amounts otherwise due, if any, on account of Plaintiff's employment with any of the Defendants. Plaintiff acknowledges that he is not otherwise entitled to receive these payments, which exceed anything of value to which Plaintiff is otherwise entitled from the Defendants, if anything, and acknowledge that nothing in this Agreement shall be deemed to be an admission of liability on the part of any of the Defendants. Plaintiff agrees that he will not seek anything further from any of the Defendants.

    4. <u>Tax Liability</u>. Plaintiff acknowledges and agrees that he has not relied upon the advice of any of the Defendants, or any of the Defendants' attorneys, regarding the taxability of the

amounts to be paid under this Agreement. Plaintiff further agrees that to the extent that any federal or state taxes of any kind may be due or payable as a result of the payments referred to in Section 3 above, Plaintiff will be responsible for the payment of any and all such taxes. Subject to the following sentence, all payments set out in paragraph 3 shall be less applicable taxes and withholding, it being understood and agreed that Defendants shall report such payments to the appropriate state and federal taxing authorities as wages on IRS Form W-2. The sole exception to the foregoing sentence shall be the payments totaling $ 5,306 for costs and attorney's fees above (i.e., all payments made out to Lee Litigation Group, PLLC), it being understood that such payments will not be subject to any withholdings or deductions, but will be reported by Defendants to the appropriate taxing authorities as non-wages income to Plaintiff's lawyers on IRS Forms 1099. Defendants and Plaintiff shall work in good faith together to respond to any and all tax authority inquiries or requests, and shall provide prompt and timely notice to each other of any such inquiries regarding the payments set forth in paragraph 3.

5. <u>Dismissal of the Litigation</u>. Plaintiff agrees that he shall direct his counsel to sign and return to counsel for the Defendants the Stipulation of Dismissal With Prejudice attached hereto as Schedule A. However, the Defendants agree that the Stipulation of Dismissal will be held in abeyance, and will not be filed with the Court until after Plaintiff's counsel has received the first payment described in Section 3(A) herein. Plaintiff further agrees to instruct his counsel to take any and all other necessary steps to dismiss with prejudice and without costs and fees the Litigation. This Agreement and the related payments are expressly contingent upon the Court dismissing the Litigation with prejudice.

6. <u>Who Is Bound</u>. The Defendants and Plaintiff are bound by this Agreement. Anyone who succeeds to Plaintiff's rights and responsibilities, such as the executors of their estates, is bound and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns, and executors of the Individual Defendants' estates, are also bound.

7. <u>Mutual Non-Disparagement</u>. The Parties agree that they will not (i) make any statements (orally, in writing, or through any other means) including, but not limited to, any public statements, or statements to the media; (ii) publish or cause to be published any books, articles, journals, videos, scripts or



treatments; or (iii) publish, post, or cause to be published or posted any blog entry, tweet, Instagram post, Facebook post, or other Internet or social media posting, which impugns or disparages Plaintiff or Defendants. This provision excludes truthful statements about Plaintiff's employment by Defendants.

8. <u>Remedies</u>. If Plaintiff materially breaches any term or condition of this Agreement, or if any material representation made by any Party in this Agreement was knowingly false when made, it shall constitute a material breach of this Agreement and in addition to and not instead of the other remedies hereunder or otherwise at law or in equity, in the event that Plaintiff materially breaches, Plaintiff shall be required to return to the Company 100% of the payments paid by the Company under this Agreement, and the Company need not make any future payments going forward. For the avoidance of doubt, any breach by Plaintiff of Sections 1, 2, 5 or 7 of this Agreement shall constitute a material breach for purposes of this Section. Plaintiff agrees that if he is required to return the payment, this Agreement shall continue to be binding on all Parties and the Parties shall be entitled to enforce the provisions of this Agreement. Further, if any party to this Agreement brings an action to enforce the terms of this Agreement, or for any material breach of this Agreement, the prevailing party in any such action shall be awarded its reasonable attorneys' fees and costs.

9. <u>Notice</u>. Any and all notices or any other communications provided for herein shall be given in writing and shall be effective upon delivery as evidenced by a receipt executed by or for the party to whom such notice or any other communication provided for herein is addressed; which delivery shall occur upon facsimile transmission, as evidenced by such facsimile transmission verification report <u>or</u> upon email delivery. Notices shall be given to the following:

    As to Plaintiff:    CK Lee, Esq.
    Lee Litigation Group, PLLC
    30 E. 39th Street
    Second Floor
    New York, New York 10016
    Telephone: (212) 465-1180
    Facsimile: (212) 465-1181
    Email: cklee@leelitigation.com

    As to Defendants:    Steven B. Horowitz, Esq.
    Horowitz Law Group, LLC



49 Route 202

PO Box 13

Far Hills, New Jersey 07031

Telephone: (973) 789-8300

Facsimile: (973) 789-8345

Email: shorowitz@horowitzlawgroup.com

The parties shall provide notice, in writing, of any changes to the aforesaid notice addresses.

10. <u>Construction of Agreement</u>. In the event that one or more of the provisions contained in this Agreement shall for any reason be held unenforceable in any respect under the law of any state of the United States or the United States, such unenforceability shall not affect any other provision of this Agreement, but this Agreement shall then be construed as if such unenforceable provision or provisions had never been contained herein. If it is ever held that any restriction hereunder is too broad to permit enforcement of such restriction to its fullest extent, such restriction shall be enforced to the maximum extent permitted by applicable law. This Agreement and any and all matters arising directly or indirectly herefrom shall be governed under the laws of the State of New York without reference to choice of law rules. The Defendants and Plaintiff consent to the sole jurisdiction of the U.S. District Court for the Eastern District of New York. **THE DEFENDANTS AND PLAINTIFF HEREBY WAIVE THEIR RESPECTIVE RIGHT TO TRIAL BY JURY IN ANY ACTION CONCERNING THIS AGREEMENT OR ANY AND ALL MATTERS ARISING DIRECTLY OR INDIRECTLY HEREFROM AND REPRESENT THAT THEY HAVE CONSULTED WITH COUNSEL OF THEIR CHOICE OR HAVE CHOSEN VOLUNTARILY NOT TO DO SO SPECIFICALLY WITH RESPECT TO THIS WAIVER.**

11. <u>Acknowledgments</u>. The Defendants and Plaintiff acknowledge and agree that:

(A) By entering into this Agreement, Plaintiff does not waive any rights or Claims that may arise after the date that the parties execute this Agreement, including, but not limited to, the right to enforce the terms of this Agreement;



(B) This Agreement shall not affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "EEOC") or similar federal or state agency to enforce the ADEA and other laws, and further acknowledge and agree that this Agreement shall not be used to justify interfering with Plaintiffs' protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or similar federal or state agency. Accordingly, nothing in this Agreement shall preclude Plaintiff from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by the EEOC or similar federal or state agency, but Plaintiff hereby waives any and all rights to recover under, or by virtue of, any such investigation, hearing or proceeding; and

(C) Notwithstanding anything set forth in this Agreement to the contrary, nothing in this Agreement shall affect or be used to interfere with Plaintiffs' protected right to test in any court, under the Older Workers' Benefit Protection Act, or like statute or regulation, the validity of the waiver of rights under ADEA set forth in this Agreement.

12. <u>Opportunity For Review</u>.

(A) By signing this Settlement Agreement, Plaintiff acknowledges that he:

- has been advised and encouraged by the Defendants to consult with his own independent counsel before signing this Agreement;
- has had sufficient opportunity to consider this Agreement;
- has either (i) read this Agreement in Spanish or (ii) has had this Agreement read to him in Spanish;
- understands all the terms and conditions hereof;
- is not incompetent or has a guardian, conservator or trustee appointed for Plaintiff;
- has entered into this Agreement of his own free will and volition;
- has duly executed and delivered this Agreement;
- understands that this Agreement supersedes and is meant to replace all other prior agreements between the parties, whether verbally or in writing;
- understands that Plaintiff is responsible for his own



attorneys' fees and costs, including the cost of Mediation;
- has been encouraged to, and has had the opportunity to review this Agreement with counsel of his choice or has chosen voluntarily not to do so;
- understands that he has been given twenty-one (21) days to review this Agreement before signing this Agreement and understands that his is free to use as much or as little of the 21-day period as they wish or consider necessary before deciding to sign this Agreement; and
- understands that this Agreement is valid, binding and enforceable against the parties in accordance with its terms.

(B)    This Agreement shall be effective and enforceable on the eighth (8th) day after execution and delivery by Plaintiff to the attorneys for Defendants, Steven B. Horowitz, Esq., Horowitz Law Group, LLC, 49 Route 202, PO Box 13, Far Hills, New Jersey 07931, shorowitz@horowitzlawgroup.com (the "Effective Date"). This Agreement may be executed in counterparts, each of which shall be deemed an original. Facsimile or PDF signatures shall also be deemed as originals. The parties understand and agree that Plaintiff may revoke this Agreement after having executed and delivered it to the attorneys for the Defendants by so advising the attorneys for the Defendants, Steven B. Horowitz, Esq., Horowitz Law Group, LLC, 49 Route 202, PO Box 13, Far Hills, New Jersey 07931, shorowitz@horowitzlawgroup.com in writing no later than 11:59 p.m. on the seventh (7th) day after each and all of the Plaintiff's execution and delivery of this Agreement to the attorneys for the Defendants. If Plaintiff revokes this Agreement, it shall not be effective or enforceable and Plaintiff shall not be entitled to the payments set forth in Section 3 of this Agreement.

Agreed to and accepted on this 31 day of Jan, 2018.

**ENRIQUE BERMEO:**

_____
Enrique Bermeo *by CK Lee as attorney*

STATE OF NEW YORK : 
                   ss: 
COUNTY OF        : 

    I hereby certify on this ____ day of _____, 2018, Enrique Bermeo personally came before me and acknowledged under oath to my satisfaction that she is the individual named in this Agreement and that he personally signed this Agreement on his own free act and deed.

_____                  _____
                                                                       NOTARY PUBLIC

Agreed to and accepted on this 31st day of Jan, 2018.

**MASON RESTAURANT CORP. d/b/a**
  **EAST SIDE DINER:**

By:
Name: Nick Kaloudis
Title: Owner of Mason Rest Corp

STATE OF NEW YORK : 
                   ss: 
COUNTY OF        : Queens

    I hereby certify on this 31st day of Jan 20, 18

2018, Nick Kaloudis personally came before me and acknowledged under oath to my satisfaction that they are the individual named in this Agreement and that they personally signed this Agreement on their own free act and deed.

_____  _____
                                         NOTARY PUBLIC

YI LUO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LU6365477
Qualified in Nassau County
My Commission Expires 10-10-2021

Agreed to and accepted on this 31st day of Jan., 2018.

**NICK KALOUDIS:**

_____
Nick Kaloudis

STATE OF NEW YORK   :
                    ss:
COUNTY OF           :

I hereby certify on this 31st day of Jan., 2018, Nick Kaloudis personally came before me and acknowledged under oath to my satisfaction that he is the individual named in this Agreement and that he personally signed this Agreement on his own free act and deed.

_____  _____
                                         NOTARY PUBLIC

YI LUO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LU6365477
Qualified in Nassau County
My Commission Expires 10-10-2021

Agreed to and accepted on this 31st day of Jan., 2018.

8